ANNIE PIDGEON, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, December 30, 1910.

1. PLEADING: Issues: Filing Reply Puts Cause at Issue. Although section 1809, Revised Statutes 1909 gives defendant the right to demur to a reply within three days after it is filed, the cause is at issue as soon as a reply is filed, under section 1811, Revised Statutes 1909.

2. ———: Demurrer: Office Of. A demurrer admits the truth of the facts stated in the pleading against which it is leveled, and invokes the judgment of the court thereon as to the law concerning plaintiff's right of recovery or on matters in bar or avoidance set forth in the answer or reply.

3. ———: General Denial: Office Of: Demurrer to General Denial. A general denial in due form denies *in toto* all issuable facts set forth in the pleading to which it is addressed and requires full proof of such facts to be made, and a demurrer to a general denial could perform no function, since a general denial sets forth no facts giving rise to an inquiry as to the conclusion of law appearing on its face.

4. ———: Demurrer: Right to File: Frivolous Demurrers: Mandamus. Although the right to demur will be enforced by mandamus, a demurrer which is frivolous will not only not be considered by the court, but may be stricken from the files, as authorized by section 1814, Revised Statutes 1909.

5. ———: Frivolous Pleading: What Is. A pleading interposed for no other purpose than delay is frivolous.

6. **TRIAL PRACTICE: Continuances: Discretion of Court.** As a general rule, the granting or refusing of a continuance on other than statutory grounds is within the discretion of the trial court, and unless a clear abuse of such discretion is shown, the action of the trial court will not be disturbed.

7. **PLEADING: Failure to File Reply: Motion for Judgment on Pleadings: Waiver.** Under section 1810, Revised Statutes 1909, where a reply is not filed in proper time, defendant should move for judgment on the pleadings, and if he fails to do so and proceeds to trial, the objection for failure to file a reply will be regarded as waived and the case thereafter treated as though one were filed.

8. ———: ———: ———: **Trial Practice: Refusal of Continuance: Appellate Practice: Harmless Error.** The answer in a case filed some time prior to the day set for hearing contained new matter and no reply was made thereto, and, on the case being called for trial, defendant moved to continue, because the cause was not at issue and because it had the right to demur to plaintiff's reply within three days after the reply was filed. The court denied the motion and permitted a reply, which was a general denial of the new matter in the answer, to be filed instanter. *Held*, that defendant waived its objection that the case was not at issue by failing to move for judgment on the pleadings; that the case was at issue on the filing of the reply instanter; that a demurrer to a reply, which consisted of a general denial only, would have been frivolous, and hence that defendant was not prejudiced by the ruling of the court denying a continuance.

9. **CARRIERS OF PASSENGERS: Injuries to Passengers: Pleading: Specific Negligence Charged.** Where, in an action for injuries to a passenger, plaintiff alleges specific acts of negligence, it is not sufficient to merely prove the existence of the relation of carrier and passenger, which usually invokes the doctrine of *res ipsa loquitur*, but the specific acts of negligence alleged must be proved, either by direct testimony or competent inferences.

10. ———: ———: **Street Railways: Sudden Checking of Car.** The obligation of high care required of a carrier in transporting passengers on a passenger car is violated by such a sudden checking of the speed of a street car as to throw a passenger from the platform, where, after signaling the car to stop, she was standing, in preparedness to alight when the car came to its usual stopping place, a few feet further on; and the question of the carrier's negligence in such case is for the jury.

11. **NEGLIGENCE: Allegations of Specific Acts: May Be Established by Inferences.** Where specific acts of negligence are. alleged in an action for injuries, plaintiff is required to prove them, but is not required to do so by direct and positive evidence, it being sufficient if they are established by evidence of collateral facts and circumstances which afford a reasonable inference as to the existence of the negligent acts alleged.

12. **EVIDENCE: Discrepancies: Question for Jury.** The matter of discrepancies in the evidence is for the jury to determine.

13. **CARRIERS OF PASSENGERS: Injuries to Passenger: Street Railways: Sudden Checking of Car: Sufficiency of Evidence.** In an action for injuries to a passenger, where the petition counted on the negligence of defendant's servants in charge of the car in checking its speed with such force and violence as to precipitate plaintiff to the ground, evidence *held* sufficient to show such specific negligence.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*Glendy B. Arnold* for appellant; *Boyle & Priest* of counsel.

(1) Defendant's motion for a continuance on the ground that the case was not at issue should have been sustained. The court's ruling on this motion was an abuse of judicial discretion. Laun v. Ponath, 105 Mo. App. 206. (2) Defendant was entitled to three days in which to demur to plaintiff's reply. Sec. 607, R. S. 1899. (3) The demurrer to the evidence should have been sustained on two grounds: First. Plaintiff alleges that her injuries were the result of a specific act of negligence and in making her proof relies solely upon the rule of res ipsa loquitur and wholly failed to prove the specific negligence charged. Todd v. Railroad, 126 Mo. App. 684; Orcutt v. Bldg. Co., 201 Mo. 442; Roscoe v. Railroad, 202 Mo. 576; Beave v. Transit Co., 212 Mo. 331; Evans v. Railroad, 222

Mo. 435; Feary v. Railroad, 162 Mo. 96; McGrath v. Railroad, 197 Mo. 105; Hamilton v. Railroad, 114 Mo. App. 509; Breedon v. Mining Co., 103 Mo. 179. Second. The facts in this case were insufficient to bring the case within the rule of res ipsa loquitur or the rule of presumptive negligence in favor of the passenger. Todd v. Railroad, 126 Mo. App. 684; Dougherty v. Railroad, 81 Mo. 325; Mitchell v. Railroad, 132 Mo. App. 143; Redmon v. Railroad, 185 Mo. 1; McDonald v. Railroad, 219 Mo. 468; Briscoe v. Railroad, 222 Mo. 104. (4) The verdict is contrary to the law of physics and the common experience of man. This court will set aside a verdict rendered at the first trial, resting on evidence which looks contrary to the course of nature. Spiro v. St. Louis Transit Co., 102 Mo. App. 250. (5) Plaintiff's first instruction is erroneous because the negligence therein submitted is not sustained by the evidence. Campbell v. Railroad, 175 Mo. 181; Heinzle v. Railroad, 182 Mo. 559; Reno v. Railroad, 180 Mo. 487; Meily v. Railroad, 107 Mo. 466.

*Blevins & Jamison* for respondent.

(1) No error was committed by the court in permitting plaintiff to file a reply denying each and every allegation contained in defendant's answer. And this is true whether the reply was filed when the case was called for trial, or after the jury was sworn. Sec. 1809, R. S. 1909; Blondeau v. Sheridan, 81 Mo. 545; Cole v. Railroad, 47 Mo. App. 624; Sheehan, etc., Co. v. Simms, 36 Mo. App. 224; Turner v. Butler, 126 Mo. 131; Foley v. Alkire, 52 Mo. 317. (2) The trial court properly overruled appellant's verbal request for a continuance of the cause. Sec. 1956, R. S. 1909. "When a replication is filed, the cause shall be deemed at issue." Sec. 1811, R. S. 1909. The granting of a continuance was a matter resting in the sound discre-

tion of the court. Sec. 1955, R. S. 1909; Laun v. Ponath, 105 Mo. App. 203; Shirk v. Shirk, 75 Mo. App. 573; Trimble v. Light Co., 115 Mo. App. 605; Callahan v. Billat, 68 Mo. App. 435; Blair v. Railroad, 89 Mo. 383; Railroad v. Holladay, 131 Mo. 440. (3) The petition declared on specific acts of negligence, there was direct, positive and ample evidence to support these specific allegations, and the issue of specific negligence was properly submitted in the instructions. Murphy v. Railroad, 43 Mo. App. 342; Dougherty v. Railroad, 81 Mo. 325; Dorsey v. Railroad, 83 Mo. App. 539; Coudry v. Railroad, 85 Mo. 85.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through the alleged negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal. Plaintiff was injured through defendant's negligence while she was a passenger on its car.

The first argument advanced for a reversal of the judgment relates to the action of the court in denying defendant's oral application for a continuance upon the filing of plaintiff's reply on the day the cause was set for hearing. The petition counts upon the negligence of defendant in respect of its obligation to exercise high care for plaintiff's safety when she was preparing to alight from the car. The answer, besides being a general denial, set up new matter in that it interposed a plea to the effect that plaintiff was guilty of negligence which contributed directly to her injury. It seems the answer was filed some time prior to the day on which the case was set for hearing and plaintiff had omitted to reply thereto. Upon the case being called for trial, defendant's counsel orally moved the court to continue the same because the cause was not at issue as no reply had been filed and because under the statutes it had the right to demur to plain-

tiff's reply within three days after the reply is filed. The court overruled the application and permitted the reply, which was a mere general denial of the new matter set forth in the answer, to be filed instanter. The action of the court in denying this application for a continuance is put forward here in an argument for a reversal of the judgment. It is said the court erred in denying the application for a continuance for the reason that the case was not at issue and further because the statute (sec. 1809, R. S. 1909) gives defendant the right to demur to the reply within three days after filing. There is no merit in the argument that the cause was not at issue, for the statute (sec. 1811, R. S. 1909) expressly provides that the case shall be at issue upon the filing of the reply, and defendant waived its right as to this matter by omitting to move for judgment on the pleadings. As plaintiff filed the reply instanter, the case was at issue and the only inquiry here is, as to whether or not defendant is prejudiced by the denial of the court to grant it three days within which to demur to the reply. Of course, the question must be considered with reference to the office of a demurrer and the character of pleading presented. A demurrer to a pleading goes to the sufficiency of the conclusion of law asserted on the facts stated in the pleading and relied upon for a recovery or matters in bar or avoidance. In other words, the office of a demurrer is to admit the truth of the facts stated in the pleading against which it is leveled and invoke the judgment of the court thereon as to the law with respect to plaintiff's right of recovery or matters in bar or avoidance set forth by either party by answer or reply. [6 Ency. Pl. and Pr. 296-297, *et seq.*] It is true our statute (sec. 1809, R. S. 1909) says a defendant may demur to the reply within three days after it is filed but in thus employing the word "demur" it essentially contemplates the office which such

a pleading performs, and though the Legislature intended the parties should be given three days' time for the purpose of demurring to a mere general denial, a judgment ought not be reversed on appeal because of a denial of the right, when it is clear the proposed demurrer in the circumstances of the case is but a frivolous pleading, with no other office to perform than the consumption of valuable time. How a demurrer leveled at such a pleading as a general denial obviously perfect in form and substance could perform any function incident to its office under the law, we are unable to perceive, for a mere general denial in due form sets forth no facts giving rise. to an inquiry as to the conclusion of law appearing on its face. Such a pleading as the general denial in due form merely denies *in toto* all issuable facts set forth by the adverse party and goes to the effect of requiring full proof to be made. Had the reply set forth new matter or had it been a pleading of a character on which a demurrer might perform its peculiar office, as where an attempted general denial is not sufficiently comprehensive to operate a denial *in toto,* there would certainly be more merit in defendant's argument than pertains to the precise question under consideration. But be this as it may, when we view the precise question presented, it relates alone to the denial of the court to grant defendant time to demur to a general denial which is perfect in form and substance and suggests the adverse ruling was prejudicial to its rights. It is entirely clear that had the continuance been granted and the demurrer filed, it would have availed nothing, for the reason such demurrer, though authorized by the statutes, could perform no office when leveled at such a pleading as a general denial in due form. If such was defendant's sole ground for a continuance, and it appears that it was, for none other was put forward, the court was justified in overruling the motion. Indeed, though the

right to demur is one which the courts will enforce an inferior tribunal by mandamus to entertain, in a proper case, as was decided in State ex rel. v. Grimm, 220 Mo. 483, 119 S. W. 626, the statute in express terms authorizes the court not only to decline to consider a purely frivolous demurrer but to strike it from the files as well. [See sec. 1814, R. S. 1909.] And a pleading interposed for no other purpose than delay is frivolous, according to the accepted meaning of the term. [See Bouvier's Law Dictionary, Title, Frivolous.]

As a general rule, the matter of granting and refusing continuances on other than statutory grounds is one within the discretion of the trial court, and unless a clear abuse of such discretion is shown on appeal, its action in the premises will not be disturbed. [St. Louis, C. G. & Ft. S. Railway Company v. Holladay, 131 Mo. 440, 33 S. W. 49.]

Our code provisions contemplate that a party may default in filing his reply and afford his adversary a competent and ample remedy in the circumstances of such case. Section 1810, Revised Statutes 1909, provides if the answer contains new matter, as it did in this case, and plaintiff fails to reply or demur thereto within the time prescribed by the order or the rule of the court, the defendant may have such judgment as he is entitled to on the new matter, and if the case requires it, a writ of inquiry as to damages may issue. Under this statute, it has been frequently ruled that where the reply is not in at the proper time the defendant should move for a judgment on the pleadings and if it omits to so move and proceeds to trial, the matter of a reply will be regarded as waived and the case thereafter treated as though it were in. [Smith v. St. Joseph, 45 Mo. 449; Roden v. Helm, 192 Mo. 71, 90 S. W. 798.] It is true the rule of those cases is not precisely in point, for the question presented is not the

same as involved in those judgments, but it serves to illustrate that by omitting to proceed by motion for judgment, one may waive his rights accrued through a default in failing to file a reply at the proper time, so that it will not be further considered, when no prejudice appears. There is nothing whatever in the record before us indicating that defendant was prejudiced by the ruling of the court in denying the continuance because the reply had not been filed more than three days before and the only matter advanced here as a predicate for a reversal on this score is the arbitrary rule of the statute to the effect that one may have three days to demur after the reply is filed. As above pointed out, the proposition inheres with no merit and the judgment ought not to be reversed for this alone, in view of our statute which commands that judgments shall not be reversed except for error materially affecting the merits against the appellant. [Sec. 2082, R. S. 1909.]

Plaintiff was a passenger on defendant's street car operated by it on what is known as its Hodiamont line. She boarded defendant's east-bound car, in company with her husband and daughter, at Suburban Garden, and was destined to Vandeventer avenue in the city of St. Louis. It appears just before reaching plaintiff's destination, the conductor called out "Vandeventer avenue," as is usual, and plaintiff gave the signal for the car to stop at that place. After having given the signal, she arose from her seat and walked to the rear platform of the car with the purpose to alight when the car stopped. Plaintiff stood on the platform of the car with one hand holding to the door and with the other holding her dress. Just as the car approached Vandeventer avenue, its speed was suddenly checked with great force and she was precipitated therefrom into the street, whereby serious and painful injuries were inflicted upon her. It is argued

the court should have directed a verdict for defendant
for the reason the proof fails to show a breach of duty
on its part.  The argument is to the effect that plain-
tiff pleaded specific acts of negligence in her petition
in that she alleged the servants and agents of defend-
ant, in charge of the car, negligently checked its speed
with such force and violence as to precipitate her to
the ground, and that having thus alleged specific acts of
negligence against the operatives of the car it devolved
upon her to prove the allegation as laid.  There can be
no doubt of the general proposition that where one
alleges specific acts of negligence the law requires such
negligent acts so laid to be proved either by direct tes-
timony or competent inferences to that effect.  [Mc-
Manamee v. Mo. Pac. Ry. Co., 135 Mo. 440, 37 S. W.
119.]   In such cases, it is not sufficient to prove the
mere relation of carrier and passenger, which usually
invokes the doctrine of *res ipsa loquitur,* affording a
presumption of negligence when that relation obtains
and the injury results from something pertaining to
the means of transportation within the control of the
carrier and the occurrence is of a character which does
not usually obtain if high care is exercised thereabout.
In other words, if one alleges specific negligence, the
presumption referred to may not be invoked in aid of
a recovery, for by so alleging the particular act of
negligence the party assumes the burden of introduc-
ing competent proof to that effect, aside from the pre-
sumption which obtains in a proper case on proper
pleading.  [Gibler v. Q. O. K. C. R. Co., 148 Mo. App.
475, 128 S. W. 791.]   The argument advanced predi-
cates upon the proposition of law referred to and it is
said that, though the evidence tends to prove a negli-
gent stoppage of the car, there is naught in the case
to indicate it was occasioned by the careless conduct
of the motorman or conductor and the law requires
such proof to be made for the fact is so alleged.  It

is true plaintiff did not attempt to give evidence as to this particular fact. She detailed the facts which pertained to her assuming a position on the platform of the car and holding fast to the door as it was slowing down at Vandeventer avenue and said that for some reason its speed was checked suddenly with great force as though it had collided with a building. Whatever the rule may be as to the passenger assuming the risk of the usual jerks and jars incident to travel on a freight train, no one can doubt that the obligation of high care which attends the calling of a carrier of passengers on passenger cars or trains seems to have been violated if plaintiff's evidence is to be believed. Such a sudden checking of the speed of a passenger car after the passenger is invited to prepare to alight at the usual stopping place, indicates carelessness on the part of the carrier at least sufficient to render the question one for the jury. [Coudy v. St. Louis, I. M., etc., R. Co., 85 Mo. 79; Dougherty v. Mo. Pac. R. Co., 81 Mo. 325; s. c., 9 Mo. App. 478.] But having laid the charge of negligence against defendant's servants in operating the car, as above stated, it is not sufficient to show the occurrence alone and thus invoke the presumption of negligence However, the presumption of negligence and a legitimate inference to that effect from facts and circumstances in evidence are not identical. In other words, though the presumption may not be invoked in view of the specific allegation in the petition, plaintiff is not required to prove the charge laid by direct and positive evidence. It is sufficient in cases of this character, as in all others, to establish the material fact in issue by the introduction of collateral facts and circumstances which afford a reasonable inference suggesting a dereliction of duty on the part of the operatives of the car to the fair exclusion of other probable theories of the occurrence as the proximate cause. Upon scrutinizing the evidence of de-

fendant's conductor and motorman, we believe there is
an abundance of proof in the record in support of the
allegation that plaintiff received her injury through
the negligent conduct of the motorman who had charge
of the motive power and the brake on the car. The
conductor testified that he called "Vandeventer ave-
nue" about one-half block to the west of that street
and received the signal from plaintiff that she and
her party desired to alight thereat immediately after.
Upon receiving plaintiff's signal, the conductor said
he communicated to the motorman a signal to stop at
the southeast corner of Vandeventer and Morgan
street when the car was about seventy feet west of
Vandeventer avenue. After the conductor communi-
cated the signal to the motorman to stop the car on
the east side of Vandeventer avenue, plaintiff arose
from her seat, adjusted her wrap and walked to the
rear platform where she assumed her position, about
sixteen inches from the step of the car, and held to
the door awaiting the stop. It appears the car was
equipped with an air-brake and the motorman said by
its application it was possible to stop the car com-
pletely in from five to ten feet at the rate of speed
it was then progressing. The motorman gave testi-
mony to the effect that the car tracks inclines from
the west to the east toward Vandeventer avenue for
about two blocks; that the incline is considerable at
that point. At the time in question the car was glid-
ing down this incline without the employment of the
electric power. It appears, too, from his testimony
that about three hundred feet west of Vandeventer
avenue the power was applied so as to propel the car
at the rate of five miles per hour while coming around
a curve of the track into Morgan street but he said
at the time plaintiff received her injury the car was
gliding nicely along at the rate of two and one-half
miles per hour only. The proof is uncontroverted that

plaintiff was thrown from the car about forty feet west of the west line of Vandeventer avenue and the motorman said on approaching Vandeventer he applied the air-brake for the purpose of stopping when its forward end was about five feet west of the west line of that street. In this view, it is obvious that plaintiff was dislodged from her position on the car the very instant the motorman applied the brake and this appears with almost mathematical precision, for, according to the motorman, he first applied the brake five feet west of the west line of Vandeventer avenue and plaintiff was precipitated from the car forty feet west of that street. The motorman was on the forward end of the car and plaintiff on the rear. The car was about thirty-five feet in length. The circumstance protrudes itself to the effect plaintiff was thrown from the car at the very time the motorman said he applied the air brake. It is true the motorman said he applied the brake with care and that no sudden checking of the speed resulted but with this matter we are unconcerned, for the testimony on behalf of plaintiff and her witnesses is plain and direct to the effect that the speed of the car was checked with terrific force and with sufficient violence to dislodge plaintiff and precipitate her to the street at the very instant the motorman himself admits having applied the brake. The matter of discrepancies in the evidence is for the jury. There is no suggestion in the record that the car was suddenly stopped from any other cause, and this being true, the inference is well nigh irresistible that plaintiff came to her injury through the negligence of the motorman in applying the air-brake at the point suggested. Though direct proof of the fact was not made, there is an abundance of evidence in the record, when the legitimate inferences are reckoned with, in support of the specific charge that defendant's servant or servants in charge

of the car occasioned the sudden checking of speed which precipitated plaintiff into the street.

The remaining argument for a reversal goes to the effect that plaintiff's instructions which submitted to the jury the question of negligence of defendant's servants operating the car as a predicate of liability should not have been given for the reason there was no evidence after putting aside the presumption of negligence tending to show a negligent act on the part of the operatives of the car. The subject-matter of this argument has been fully considered above and the assignment of error with respect to it as well as the others should be overruled. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.*, and *Caulfield, J.*, concur.