CHARLES ADAMS, Respondent, v. METROPOLITAN STREET RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, June 30, 1913.**

1. **CARRIERS OF PASSENGERS: Personal Injuries: Pleading: Evidence.** Plaintiff charged that defendant was negligent in failing to latch and securely fasten a door at the exit of its street car platform, on which door was a rod or handhold for use in boarding or alighting from the car. There was evidence that plaintiff was standing on the platform at the exit ready to alight when the car would come to a stand still; that he had hold of the rod on the door and that the door came unfastened and swung outward throwing him to the street. *Held*, that the fact that the door with its handhold did come loose was some evidence of negligence, and that the case was properly one for the jury.

2. **DAMAGES: Verdict of Jury: Excessive Award.** Plaintiff's injury was not permanent. It· caused him ·some pain ·and dis-

comfort. He alleged in his petition that he lost wages of fifteen dollars per week since his injury and incurred an indebtedness of $100 for medical attention. But no proof of either was offered and he said he worked at his job but had to hire some of his duties performed by another. He was porter at a club. No instruction as to damages was given by him and the jury had no guide to assist them in assessing the damages. *Held,* that $2000 was excessive and that $500 should be remitted as $1500 would be a most liberal allowance.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

AFFIRMED (*conditionally*).

*John H. Lucas* and *L. T. Dryden* for appellant.

*Kimbrell & White* for respondent.

TRIMBLE, J.—Plaintiff was a passenger upon defendant's north bound street car proceeding along Main between Twelfth and Eleventh streets, in Kansas City, Missouri. He alleges that he was standing in the rear vestibule and, after notifying the persons in charge that he desired to alight at Eleventh street, went to the edge of the vestibule and stood near the steps leading from the car waiting for it to stop at Eleventh. The door of the car leading from the vestibule to the street was one that folded in the middle, and, when folded, swung, on hinges at the southeast corner of the car, around against the end of the car and was there fastened or held in place by a hook over the door. Across this door, thus folded and in place, was a brass rod or handhold fastened to the door just below the glass therein, which rod was for the use of passengers in boarding, or alighting from, the car. Plaintiff claims that while standing thus at the edge of the platform, waiting for the car to stop, he took hold of this rod; that the catch or fastening, which held the door in its place against the end of the car, gave way allowing the door to swing around toward

its place when closed, and plaintiff, having hold of said rod, was suddenly precipitated from the car to the ground, fracturing a bone on the point of his shoulder and otherwise bruising and injuring him.

The petition specified the negligence thus: ''That as plaintiff stood in the position aforesaid grasping said handhold, said door through the negligence of defendant in insecurely latching and fastening it became unlatched, unfastened and loosed so that said door swung outward toward the exit and plaintiff was thereby thrown, hurled and permitted to fall to the street, etc.''

The answer contained a general denial and a plea of contributory negligence. Defendant introduced testimony tending to show that plaintiff was seated in the car and suddenly jumped up, ran out to the platform, seized the rod in question and swung his body off the car in an attempt to alight while the car was in the middle of the block and going about six miles an hour; that the great weight and swing of his body pulled the door loose from its fastening and it thereupon swung outward causing him to fall.

The jury found a verdict for plaintiff and assessed his damages at $2000.

The two points relied upon by defendant are, first, that plaintiff failed to prove the negligence charged in the petition, and, second, that the verdict is excessive. As to the first point, defendant's position is that the plaintiff does not rely on a statement of general negligence but, having chosen to specify particular negligence, he must prove that negligence or fail in his case. This is no doubt a correct rule. But does it apply to this case, or, if so, is there an entire failure of proof as to the specific negligence charged? Defendant's theory is that the specific allegation of negligence is ''in insecurely latching and fastening the door'' and that, as there was no testimony given by any witness who says he saw or examined the door and found

the latch defective or insecurely fastened, therefore, there is no evidence whatever that it was, through negligence, insecurely latched or fastened. But this overlooks the reasonable and natural inference which the jury are entitled to draw from the facts that are shown. The handhold was put there for the use of passengers in steadying themselves and to assist them in boarding and alighting from the car. Its value as a means of safety lay in its ability to remain in place. If it fails to do this, and comes loose when put to the use for which it is intended, then it ceases to be a help and becomes a trap to catch even the wary and most careful. The very fact that it came loose is some evidence that it was insecurely latched or fastened, and if it was not securely latched or fastened then it was negligence to latch or fasten it in the manner in which that act was done, since the duty of the defendant, as a carrier of passengers, was to fasten it so that it would not come loose when used in the manner for which it was intended. There was evidence that afterwards when it was properly and securely fastened it did not come loose when tested. But, under the test over which this case arises, it did come loose. Consequently this fact is some evidence to show that it must have been insecurely, and therefore negligently, fastened, or it would not have come loose. The case of Blanton v. Dold, 109 Mo. 64, is excellent authority for the position here taken. That case was where the plaintiff was injured by the sudden and unexpected starting of a "blood mill" in a packing house. Plaintiff was not able to furnish affirmative evidence, or rather express positive evidence, of negligence in the construction or operation of the lever by which the mill was put in motion, and it was urged that plaintiff had failed in his proof. But the Supreme Court held otherwise, and on page 74 said:

"But some catastrophes are of a nature such as carry, in a mere statement of their occurrence, an im-

plication of some neglect. In such event 'the thing itself speaks,' as some judges have expressed it; often in Latin, though the idea is none the less forcible or clear in our mother tongue. [Byrne v. Boadle (1863), 2 H. & C. (Exch.) 725; Briggs v. Oliver (1866), 4 H. & C. (Exch.) 407.]

"Thus it was held in Mooney v. Lumber Co. (1891), 154 Mass. 407, that the starting, without apparent cause, of the carriage of a sawing machine, when left at rest, with 'the lever locked which was used to start and stop it,' whereby the plaintiff was injured, constituted evidence to support a finding that there was negligence in the construction or condition of the machine with reference to its reasonable safety. [Donahue v. Brown (1891) 154 Mass. 21.

"Many other illustrations might be cited were it necessary. The principle that underlies them is that negligence, like any ultimate fact in issue, may be established as well by reasonable inferences from other facts as by more direct means of proof. [Barnowski v. Helson (1891), 89 Mich. 523.]"

The Blanton case was one between a servant and master where the inference of negligence is harder to draw than in the case before us which involves the care owed to a passenger by a common carrier. There was sufficient proof of negligence to go to the jury. And, of course, the question whether plaintiff was thrown off while standing on the platform, or was attempting to jump from the car while in motion and fell on account of the unusual pull or weight put on the door, was a question for the jury, and not for us, to decide. Whether the door by coming loose, caused plaintiff to fall out from the car, his momentum in doing so pulling the door shut after him, or whether his weight, in voluntarily swinging from the car, jerked the door loose would be difficult to decide even by onlookers and was, therefore, clearly a question for the jury.

As to the point that the verdict is excessive there is this to be said: The plaintiff's injury was a fracture or a breaking of the little tip of the shoulder blade. There were no permanent injuries. At the time of the trial the fracture had healed. The plaintiff was not allowed by his physician to use his arm for four or five weeks it being bound to his body to permit the bone to knit. He suffered some pain and discomfort during this time, and was in bed for a week or more, but his physician seemed to think this was because it was more comfortable there rather than because his injuries made it necessary. The petition alleged that he lost earnings to the amount of fifteen dollars per week since the injury and owed $100 for medical attention. But no proof of the amount of such losses or expenses was made and plaintiff himself said that he worked at his job after his fall but had to hire help in mopping the floors. Plaintiff is a colored man, and worked as a porter at a club. As no proof was made of these losses or expense it may be assumed that they were not of serious extent, or proof thereof would have been forthcoming. No instruction on the measure of damages or on any other feature of plaintiff's case was asked or given in plaintiff's behalf. The jury were, therefore, left without guide in determining what elements to take into consideration in fixing the amount of damages. In view of all the circumstances and regarding plaintiff's injury and loss in the light most favorable to him, we think $2000 is excessive. Under the most liberal allowance as compensation for plaintiff's damage his recovery ought not to exceed $1500. If, therefore, within ten days of the announcement of this opinion, plaintiff will enter a remittitur of $500, the judgment will be affirmed, otherwise it will be reversed and remanded for a new trial. So ordered. All concur.