STRONG et al. v. GRANITE FURNITURE CO.

No. 4969.   Decided December 12, 1930.   (294 P. 303.)

*Ben E. Roberts* and *Badger, Rich & Rich,* all of Salt Lake City, for appellant.

*A. H. Hougaard,* of Salt Lake City, for respondents.

ELIAS HANSEN, J.

In this action plaintiffs complain of the defendant, and for cause of action in substance allege: That plaintiffs entered into a contract with the defendant whereby plaintiffs agreed to purchase from the defendant one buffet, two tables, eleven chairs, two rockers, one rug, one floor lamp,

one range, some linoleum and dishes; that plaintiffs agreed to pay for the property so purchased the sum of $460, and that they paid $40 of the purchase price; that the personal property which plaintiffs so agreed to purchase was placed in a home which was in the exclusive use and possession of the plaintiffs; that on or about September 11, 1927, during the temporary absence of the plaintiffs from their home, the defendant wrongfully and unlawfully entered plaintiffs' home and removed therefrom the personal property which plaintiffs agreed to purchase from the defendant; that in gaining entrance to plaintiffs' home defendant removed the glass and fastenings from one of the windows thereof; that, after the property was removed, defendant carelessly and negligently failed and neglected to again fasten and bar the windows and to replace the glass therein; that at the time defendant removed the personal property from plaintiffs' home various articles of household goods such as linens, furniture, cooking utensils, bedding, clothes, and other personal property belonging to the plaintiffs were located in their home; that, after the defendant had removed the personal property from plaintiffs' home, other persons unknown to plaintiffs entered their home through the window which defendant left unbarred and unfastened, and removed and carried away plaintiffs' personal property which was located therein to plaintiffs' damage in the sum of $500. Plaintiffs further allege that, when the defendant entered their home and removed the property therefrom, it knew that plaintiffs were temporarily in the state of Idaho, and that plaintiffs would return within a few days and pay to the defendant the money due on the contract for the purchase of the property which the defendant removed; that the acts of the defendant in breaking and entering plaintiffs' home were wrongful, malicious, and in violation of the rights of plaintiffs, and in reckless disregard of any loss or damage which the plaintiffs might sustain; and that, by reason thereof, plaintiffs are entitled to recover exemplary damages in the sum of $500. Plaintiffs also allege

that, when they returned to their home for the purpose of living therein and found that all of their personal property had been removed therefrom, they suffered great humiliation and mental pain to their damage in the sum of $500. Plaintiffs prayed for judgment against the defendant for the sum of $1,500.

In its answer the defendant admits that it entered plaintiffs' home and removed therefrom the personal property which it agreed to sell to the plaintiffs: Defendant pleads in justification of the removal of such property that the same was sold on a written contract whereby the plaintiffs agreed to pay $50 at the time the furniture was delivered and $15 on the 29th day of each and every month beginning with July 29, 1927; that at the time the furniture was removed plaintiffs were in default in the sum of $10 on the initial payment, together with two monthly installments; that, by the terms of the agreement for the sale and purchase of the furniture, the title and ownership thereof was reserved in the defendant, with the right of the defendant upon default of any payment to enter upon any premises where said furniture may be found, and to resume possession thereof and remove the same; that the defendant elected to repossess the furniture sold to the plaintiffs and retain the sum paid thereon as liquidated damages for the use and wear thereof under and by virtue of the agreement between plaintiffs and defendant; that the defendant was informed and believed that the plaintiffs had removed from the state of Utah prior to the time that it removed its furniture; that, on account of the windows being broken and the door not securely fastened of the building in which the furniture was kept, there was danger of such furniture being damaged, removed, or destroyed; and that the defendant used all reasonable means to remove the furniture, and, upon its removal, the premises were left in the same condition that they were in before the furniture was removed. Defendant prays that plaintiffs take nothing by their complaint.

Upon issues thus joined a trial was had to a jury. The jury found for the plaintiffs, and assessed their actual damages in the sum of $457.50, and also awarded plaintiffs $250 exemplary damages. Judgment was entered in accordance with the verdict. The defendant appeals.

The principal assignment of error relied upon by the defendant for a reversal of the judgment is that the evidence does not support the verdict and judgment. No evidence was offered at the trial which supports, or tends to support, a judgment in favor of the plaintiffs on account of humiliation and mental pain suffered by them because the defendant removed the furniture from the home, and that question was not submitted to the jury. The judgment for damages in the sum of $457.50 is for the household goods which were evidently stolen from plaintiffs' home after the defendant removed its furniture. In this case the plaintiffs proceeded upon the theory that the household goods were so stolen, and the evidence is ample to support such a finding. The question that divides the parties in this case is whether or not the defendant is liable to respondents in damages for the household goods that were taken from plaintiffs' home by some unknown person after defendant removed its furniture. Two propositions are discussed at length in the briefs of counsel, namely; Did the defendant have the right to enter plaintiffs home and remove its furniture therefrom? Can it be said that the proximate cause of plaintiffs' household goods being stolen was the act of defendant in entering plaintiffs' home and leaving it in the condition that the evidence shows it was left in? As to the first proposition, it is admitted that plaintiffs were in default in their payments on the contract for the purchase of the household furniture which was removed by the defendant. The contract contains a provision that "said corporation (defendant herein) or its agents may with or without process of law, and without let or hindrance on my part or on the part of any person claiming under me, resume possession of and remove said

property or any part thereof wherever found and for that purpose is hereby authorized to enter upon any premises where the same or any part thereof may or ought to be, or unless I peaceably redeliver to said corporation said property, it may elect to proceed for conversion, in which event the amount unpaid on this contract is hereby stipulated to be the value of said property converted, and shall be recovered as liquidated damages which I agree to pay said corporation." It is urged by defendant that the foregoing terms of the written contract gave it the right to enter plaintiffs' home and remove the furniture therefrom because of the fact that plaintiffs were in default in their payments. Plaintiffs contend to the contrary. Cases are cited in the briefs of the respective parties which they claim support their respective views. We do not deem it necessary to review the cases cited or to decide the question of law which thus divides the parties. A determination of the question of whether the defendants did or did not have the right to enter plaintiffs' dwelling and remove its furniture therefrom would not materially aid in arriving at a proper conclusion as to the rights of the parties to this litigation. The plaintiffs make no claim to the furniture which the defendant removed. The judgment appealed from is not for the value of the furniture removed by the defendant or any interest the plaintiffs may have had therein. The actual damages awarded to the plaintiffs were for the household goods that were removed from the plaintiffs' dwelling by some unknown person. It is so alleged in the complaint, and the evidence supports such allegation. Plaintiffs' cause of action is founded upon the theory that some person or persons unknown to them entered their home because a window thereof was broken and left unfastened. It is highly improbable that the person or persons who feloniously entered plaintiffs' dwelling and removed therefrom the household goods belonging to the plaintiffs were influenced by whether defendant theretofore had rightfully or wrongfully entered the home and re-

moved the furniture therefrom. If the judgment in favor of the plaintiffs is to be affirmed, it must be because the window in plaintiffs' home was broken and left unfastened, and not because of the lawful or unlawful entry into the home theretofore made by the defendant.

The plaintiff Margaret Strong testified that before she went to Idaho, which was some time in August, her brother drove two nails at the top of each window so that they could not be raised without removing the nails, that the back door was fastened with a big sliding bolt that entered into a slot which was fastened on to the door jamb, and that the front door was fastened with a night lock. When Mrs. Strong went to her home on September 12th, which was about three weeks after she had left her home, the glass in one of the windows was broken and the nails were removed so that the window could be raised. She further testified that she had a conversation with Mr. Anderson, the employee of defendant who removed the furniture; that in the conversation Mr. Anderson at first stated that he gained entrance to plaintiffs' home through a window, but he later stated that he went through the door. Mr. Anderson was called as a witness for the defendant, and denied that he had stated to Mrs. Strong that he gained entrance into her home by going through a window. He further testified that by means of a screwdriver he pushed back the latch on the night lock, and in that manner opened the front door, that he did not enter through the window, and that after he removed the furniture the door was closed and locked with the night lock. The plaintiff Hyrum Strong testified that the front door could not be opened with a screwdriver. A neighbor of the plaintiffs testified that the window in the Strong home was broken several days after the defendant removed its furniture. She further testified that she was under the impression that, when the furniture was being removed by the defendant, one of the windows in the Strong home was raised. A Mrs. Platts testified that after the defendant had removed

its furniture she went to the home of the plaintiffs and removed therefrom a sewing machine which she had agreed to sell to the plaintiffs, that at that time the front door was not locked, and that a bottom pane of a window in the dwelling was broken. She further testified that after she had removed the sewing machine the front door was closed and locked with the night lock. The foregoing is substantially all of the evidence relating to the condition of plaintiffs' home during the time here complained of.

Defendant contends that this evidence is insufficient to support the judgment because it fails to show that the defendant was negligent in breaking or leaving unfastened the window in plaintiffs' home, that plaintiffs' loss or damage was not the natural or probable result of defendant's acts, and that the illegal independent act of the unknown person or persons who removed plaintiffs' household goods was the sole proximate cause of the damage to plaintiffs, and that therefore the defendant is not liable. In support of such contention the following cases and authorities are cited: *Rollow* v. *Ogden City,* 66 Utah 475, 243 P. 791; 17 C. J. 738; *Nirdlinger* v. *American District Telegraph Co.,* 245 Pa. 453, 91 A. 883, Ann. Cas. 1915D, 1184; *Bowers* v. *Southern Railway Co.,* 10 Ga. App. 367, 73 S. E. 677; *Watson* v. *Kentucky & Indiana Bridge & R. Co.,* 137 Ky. 619, 126 S. W. 146, 129 S. W. 341; *Smith* v. *Norfolk & S. R. Co.,* 145 N. C. 98, 58 S. E. 799, 122 Am. St. Rep. 423; *Polloni* v. *Ryland,* 28 Cal. App. 51, 151 P. 296; *Hartnett* v. *Boston Store,* 265 Ill. 331, 106 N. E. 837, L. R. A. 1915C, 460; *Davy* v. *Lyons,* 71 Misc. Rep. 139, 127 N. Y. S. 1083; *Willoughby* v. *Northeastern Railway Co.,* 32 S. E. 410, 11 S. E. 339; *Wilmerding* v. *Rhodes-Haverty Furniture Co.,* 122 Ga. 312, 50 S. E. 100; *Adams Co.* v. *Sanders* (Ky.) 66 S. W. 815; *Ramey* v. *W. W. Kimball Co.* (Ky.) 58 S. W. 471; *White Sewing Machine Co.* v. *Conner,* 111 Ky. 827, 64 S. W. 841.

The respondents contend that the jury was justified in finding from the evidence that the defendant broke a glass

in the window in their home and left the window unfastened; that plaintiffs' home was entered and their household goods removed because the window was broken and left unfastened; that the independent illegal act of the unknown person or persons who removed plaintiffs' household goods might well have been anticipated by the defendant; and that it was defendant's duty to provide against the possibility that plaintiffs' home would be entered and their furniture removed if the window was not fastened. In support of such contention the following cases and authorities are cited: *Johnson* v. *Silver King Consol. M. Co.*, 54 Utah 34, 179 P. 61; Shearman & Redfield, Negligence (6th Ed.) § 58; *Perrin* v. *Union Pacific R. Co.*, 59 Utah 1, 201 P. 405; *James* v. *Robertson*, 39 Utah 414, 117 P. 1068; *Omaha Water Co.* v. *Schamel* (C. C. A.) 147 F. 502; *The Thomas Cranage* (D. C.) 189 F. 1003; *Barrett* v. *Connecticut Co.*, 85 Conn. 705, 81 A. 963; *Calkins* v. *Blackwell Lumber Co.*, 23 Idaho 128, 129 P. 435; *Burke* v. *City of Baltimore*, 127 Md. 554, 96 A. 693; *O'Donnell* v. *Lange*, 162 Mich. 654, 127 N. W. 691, Ann. Cas. 1912A, 847; *Scheurer* v. *Banner Rubber Co.*, 227 Mo. 347, 126 S. W. 1037, 28 L. R. A. (N. S.) 1207, 21 Ann. Cas. 1110; *Johnston* v. *St. Louis & S. F. R. Co.*, 150 Mo. App. 304, 130 S. W. 413; *Pidgeon* v. *United Rys. Co. of St. Louis*, 154 Mo. App. 20, 133 S. W. 130; *Adams* v. *Metropolitan St. Ry. Co.*, 174 Mo. App. 5, 160 S. W. 38; *Battles* v. *United Rys. Co. of St. Louis*, 178 Mo. App. 596, 161 S. W. 614; *Wilson* v. *Werry* (Tex. Civ. App.) 137 S. W. 390; *Mathis* v. *Granger Brick & Tile Co.* 85 Wash. 634, 149 P. 3; *Huscher* v. *New York & Q. E. L. & P. Co.*, 158 App. Div. 422, 143 N. Y. S. 639; *Arrascada* v. *Silver King Coalition Mines Co.*, 54 Utah 386, 181 P. 159; *Furkovich* v. *Bingham Coal & Lumber Co.*, 45 Utah 89, 143 P. 121, L. R. A. 1915B, 426; *Shafer* v. *Keeley Ice Cream Co.*, 65 Utah 46, 234 P. 300, 38 A. L. R. 1523; *Burk* v. *Creamery Package Mfg. Co.*, 126 Iowa, 730, 102 N. W. 793, 795, 106 Am. St. Rep. 377; *Milwaukee, etc., Ry. Co.* v. *Kellogg*, 94 U. S. 469, 24 L. Ed. 256; *Jesse*

*French Piano & Organ Co.* v. *Phelps,* 47 Tex. Civ. App. 385, 105 S. W. 225.

A review of the cases cited by counsel would unreasonably extend this opinion and would not solve the questions here presented for determination. Whether or not a negligent act may be said to constitute the proximate cause of an injury depends in a large measure on the facts and circumstances of each particular case. The facts in most of the cases cited by counsel are so unlike the facts in this case that they can hardly be said to be in point. Of the cases cited by appellant, *Nirdlinger* v. *American District Telegraph Co.,* supra, is most nearly in point. The case of *Jesse French Piano & Organ Co.* v. *Phelps,* supra, is the strongest case cited by respondents in support of their contention.

If the defendant broke the window glass and unfastened the window in plaintiffs' home and failed to repair the glass and again fasten the window, such acts might well constitute negligence. There is, however, no evidence in this case that defendant broke the glass in plaintiffs' window, and there is direct evidence to the contrary, not only by Mr. Anderson who removed the furniture, but by a neighbor of the plaintiffs. The only evidence that tends to show that the defendant's agents interfered with the fastenings on plaintiffs' window is that of the plaintiffs. Mrs. Strong testified that Mr. Anderson stated to her that he gained entrance to the dwelling through a window, and that later in the same conversation he stated that he entered through the front door. Mr. Strong testified that it was not possible to push back the night lock from the outside because of the door jamb. Assuming that upon this evidence the jury was justified in finding that the defendant's agents removed the nails which were driven into the window frame to prevent the window from being raised, and that such nails were not replaced, can it be said that such acts constitute the proximate cause of the plaintiffs' losing their household goods? Generally speak-

ing, "the proximate cause of an injury is the primary moving cause without which it would not have been inflicted, but which, in the natural and probable sequence of events, and without the intervention of any new or independent cause, produces the injury." *City of Winona* v. *Botzet,* 169 F. 321, 328, 94 C. C. A. 563, 23 L. R. A. (N. S.) 204, quoted with approval by this court in *Rollow* v. *Ogden City,* supra. The law applicable to facts such as plaintiffs contend the facts to be in the instant case is thus stated in 45 C. J. 936, § 495:

"Defendant's negligence is too remote to constitute the proximate cause where an independent illegal act of a third person, which could not reasonably have been foreseen, and without which such injury would not have been sustained, intervenes. A person is not bound to anticipate the malicious or criminal acts of others by which damage is inflicted, even though they are the acts of children. But where an independent illegal act was of a nature which might have been anticipated, and which it was the defendant's duty to provided against, he will be liable for a breach of such duty notwithstanding the production of injuries by the intervention of an act of the character described."

Tested by the rule of law just quoted, it cannot be said that the leaving of nails out of the window frame in plaintiffs' dwelling was the proximate cause, or a proximate contributing cause, of the loss of plaintiffs' household goods. Obviously, the leaving of the window in plaintiffs' home unfastened did not produce the injury complained of. The proximate cause of plaintiffs' loss was the felonious acts of the unknown person.

It is argued that the negligence of the defendant was the proximate cause or a proximate contributing cause of the loss, because, except for its negligence, plaintiffs' dwelling would not have been invaded. This is pure speculation. Burglars are not necessarily deterred from entering unoccupied houses merely because the windows cannot be raised. There is no evidence which shows, or tends to show, that the unknown person or persons who removed plaintiffs' household goods gained entrance to plaintiffs' dwell-

ing by raising the window, or that the window was unfastened when the unknown person or persons entered, or that they would not have entered if the window had been fastened. The evidence in this case is insufficient to support a finding that any act of the defendant was the proximate cause or a proximate contributing cause of the loss of plaintiffs' household goods.

The judgment is reversed, and this cause is remanded to the district court of Salt Lake county, with directions to grant a new trial. Appellant is awarded its costs.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.