JENNIE THOMPSON, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals. Opinion Filed February 3, 1920.

1. **DAMAGES: Nursing: Reasonable Value of Services as Nurse Recoverable: Employment Relinquished for Period of Nursing Not Element of Damages.** The value of the services of a husband nursing his wife, or of a father or mother, where she is a widow, nursing his or her child, is determined solely with reference to its value as nursing; the measure of damages for such services is the reasonable value of such nursing as by a person of ordinary and untrained skill, and this is the rule though other employment is relinquished by the one who thus waits upon the injured party.

2. **INSTRUCTIONS: Error to Submit Question of Reasonable Value of Services as Nurse Where no Evidence is Adduced as to Such Value.** In an action by a widow, for damages alleged to have been sustained by her on account of personal injuries received by her minor son, resulting from an alleged assault made upon him by a

street-car conductor, where there was no testimony adduced on behalf of the plaintiff showing the reasonable value of her services as a nurse, an instruction, submitting that question to the jury, and authorizing a recovery of such value, was error.

3. **DAMAGES: Excessive Damages: Verdict of $500 Excessive Where Evidence Shows Less.** In an action by a widow for damages alleged to have been sustained by her on account of personal injuries received by her minor son, resulting from an alleged assault made upon him by a street car conductor, *held*, under the evidence, a verdict for plaintiff for $500 was excessive.

Appeal from the Circuit Court of the City of St. Louis.—*Hon. William T. Jones*, Judge.

REVERSED AND REMANDED.

*Charles W. Bates, T. E. Francis, Alva W. Hurt* and *Chauncey H. Clarke* for appellant.

(1) The court erred in giving plaintiff's instruction No. 2, authorizing the jury to assess plaintiff's damages in the amount of her pecuniary loss from loss of time, for the reason that the correct measure of her damages was not the amount of her loss of wages, but the reasonable value of her services as a nurse. MacDonald v. St. Louis Transit Co., 108 Mo. App. 374, 387; 6 Thompson's Commentaries on the Law of Negligence, p. 346, sec. 7334; York v. Everton, 121 Mo. App. 640, 645; Woodward Iron Co. v. Curl, 153 Ala. 205, 209, 44 So. 974; Southern Ry. Co. v. Crowder, 135, Ala. 417, 429,33 So. 335; Narnes v. Keene, 132 N. Y. 13, 16, 29 N. E. 1090; Hazard powder Co. v. Volger, 58 Fed. 152, 157; Salida v. McKinna, 16 Colo. 523, 27 Pac. 810, 811; Western Union Telegraph Co. v. Morris, 10 Kans. App. 61, 67, 61 Pac. 972; Walker v. City of Philadelphia, 195 Pa. 168, 174, 45 Atl. 657, 78 Am. St. Rep. 801; Brossman v. Sweetser, 127 Ind. 1, 8, 26 N. E. 555. (2) The court erred in giving instruction No. 2, for the reason that, although the measure of plaintiff's damages was the value of her services as a nurse, not to exceed her loss in wages,

there was no evidence whatever introduced showing, or tending to show, what was the value of her services as a nurse. MacDonald v. St. Louis Transit Co., 108 Mo. App. 374, 387; York v. Everton, 121 Mo. App. 640, 645; 6 Thompson' Commentaries on the Law of Negligence, p. 346, sec. 7334; Woodward Iron Co. v. Curl, 153 Ala. 205, 209, 44 So. 974; Sounthern Ry. Co. v. Crowder, 135 Ala. 417, 429, 33 So. 335; Barnes v. Keene, 132 N. Y. 13, 16, 29 N. E. 1090; Hazard Powder Co. v. Volger, 58 Fed. 152, 157; Salida v. McKinna, 16 Colo. 523, 27 Pac. 810, 811; Western Union Tel. Co. v. Morris, 10 Kans. App. 61, 67, 61 Pac. 972; Walker v. City of Philadelphia, 195 Pa. 168, 174, 45 Alt. 657 78 Am. St. Rep. 801; Brossman v. Sweetser, 127 Ind. 1, 8, 26 N. E. 555; Cobb v. St. Louis, etc., Ry. Co., 149 Mo. 609, 631; Gibler v. Terminal R. Ass'n., 203 Mo. 208, 224; Graefe v. St. Louis Transit Co., 224 Mo. 232, 274; Morris v. Grand Avenue Ry. Co., 144 Mo. 500, 508. (3) The verdict is excessive. Badgley v. St. Louis, 149 Mo. 122, 134; Nelson v. Metropolitan St. Ry. Co., 113 Mo. App. 659, 663; Morris v. Grand Avenue Ry. Co., 144 Mo. 500, 508.

*Arthur E. Simpson* and *B. J. Goldfarb* for respondent.

(1) Instruction No. 2, was correct in authorizing the jury to assess, as a part of plaintiff's damages, the amount of wages lost by her. Blair v. Railroad Co., 89 Mo. 334; Esque v. United Rys. Co., 174 Mo. App. 317; Bruce v. United Rys. Co., 175 Mo. App. 568. (2) Plaintiff is entitled to recover for time spent in nursing her son at night. Kaiser v. Transit Co., 108 Mo. App. 708; Buck v. The People's Ry. Co., 46 Mo. App. 555; Frick v. St. Louis, K. C. & N. Ry. Co., 75 Mo. 542. (3) The verdict is not excessive.

BECKER, J.—This is an action by plaintiff, a widow, for damages alleged to have been sustained by

her on account of personal injuries received by her minor son, resulting from an alleged assault made upon him by a street car condutcor while in the employ of the defendant. Upon trial to a jury plaintiff obtained a verdict for $500 actual and $100 punitive damages. Thereafter plaintiff voluntarily remitted the $100 assessed as punitive damages and defendant prosecutes this appeal from the judgment renderd against it for the remaining $500.

According to plaintiff's own testimony she actually paid out for medicine $12 to $14, and became liable for $60 for services of a physician rendered the boy. Plaintiff further testified that she devoted ten weeks of her time to nursing her son and that since the first ten weeks she had been nursing the boy two or three nights of the week. There is no testimony in the record as to the reasonable value of plaintiff's services rendered to her son in the capacity of nurse, though plaintiff herself testified that prior to the date upon which her son met with his injuries she had been working as a laundress and earning $9 per week.

It is assigned as error that the instruction on the measure of damages directed the jury that if they found for plaintiff they should include among the items recoverable the "reasonable value of the time, if any, necessarily spent by the plaintiff in nursing her said son during the time he was suffering, if you find he did so suffer, from said injury."

It is contended that the proper measure of damages for this item is the reasonable value of the services that plaintiff rendered as and in the capacity of nurse, and that plaintiff could not recover the amount of wages that plaintiff had lost by reason of the time away from her work while acting as nurse for her son.

We note at the outset that it is conceded by learned counsel for respondent, plaintiff below, that the part of the instruction on the measure of damages quoted above was intended to permit plaintiff to recover the amount of the wages that she would have earned had

she remained at work as a laundress for the period of time that she devoted to nursing her son.

While a reading of the cases in this State in which the rule of law applicable to the point here in question is discussed, shows that there has been a divergence of opinion with reference thereto, the rule of law which has finally been adopted is that the value of the services of a husband nursing his wife, or of a father or mother (where she is a widow) nursing his or her child, is determined solely with reference to its value as nursing. In other words, the usual measure of damages for such service is the reasonable value of such nursing as by a person of ordinary and untrained skill, and this is the rule though other employment is relinquished by the one who thus waits upon the injured party. [MacDonald v. St. Louis Transit Co., 108 Mo. App. 374, 83 S. W. 1001; Smith v. City of St. Joseph, 55 Mo. 456; Kirkpatrick v. St. Ry. Co., 129 Mo. App. 534, 1. c. 527, 528, 107 S. W. 1025. See, also, Woodward Iron Co. v. Curl, 153 Ala. 205; Barnes v. Keene, 132 N. Y. 13; Salida v. McKinna, 16 Colo. 523; Western Union Tel. Co. v. Morris, 10 Kans. App. 61; Walker v. City of Pennsylvania, 195 Pa. 168; Brossmar v. Sweetser, 127 Ind. 1.]

The respondent cites the case of Esque v. United Railways Co., 174 Mo. App. 317 S. W. 1061, and the case of Bruce v. United Railweys Co. 175 Mo. App. 568, 158 S. W. 102, as authority for authorizing the jury to assess, as part of plaintiff's damages, the amount of the wages that she would have earned had she remained at work as a laundress for the period of time that she devoted to nursing her son.

It would seem that the rule as laid down in the Esque case, supra, would support this contention of respondent. But the question that was really before the court and to which it was addressing itself was that the instruction there criticised is erroneous in that it allowed the jury to assess, as an item of damage recoverable on the part of the plaintiff, the value of the

husband's services for nursing his wife, when there was no evidence adduced as to the value of such services on the part of the husband. Therefore, in the Esque case the judgment was properly reversed and the cause remanded; however, the rule as therein stated on the proposition under discussion in the instant case is not the law. If such were the law a man whose salary is $50,000 a year could, in a case such as the one at bar, undertake and do the nursing of his son and be entitled to recover as one of the items of his direct damage, the value of his time put in while nursing his son, measured at the rate of $50,000 per year for the full period of time that he remained away from his regular vocation and devoted himself to such nursing, and this though a professional nurse could have been obtained to render the same services for a sum which in comparison would be insignificant. Such a rule would sanction a plaintiff in voluntarily enhancing his damages instead of minimizing them. The rule as stated in the Esque case, supra, should not be followed and the same is hereby overruled. [See cases cited, supra, in support of the rule laid down herein.]

And as to the Bruce case, supra, wherein the Esque case is adverted to with approval on the point here under discussion, it is clearly *obiter dicta*. The language employed was unnecessary to a decision of the point under consideration, but in so far as it may seemingly approve of the rule as laid down in the Esque case, it is hereby disapproved.

So in light of the rule as we have stated it above, while plaintiff was entitled to recover for the reasonable value of her services in attending and nursing her son, the value of such services must be determined solely with reference to the value of such services as a nurse and not for the reasonable value of the time which she may have lost from her business predicated upon the wages she would have earned in that capacity during such time.

For this error alone the case would have to be reversed, but there is further error to be noted, namely, that even though the instruction had been properly framed, there was no testimony adduced on behalf of the plaintiff showing the reasonable value of her services as a nurse. And whereas it was ruled in Murray v. Railway Co., 101 Mo. 236, 13 S. W. 817, that evidence was not necessary as to the value of services for nursing, in that "the jury could tell from the length of time plaintiff was in bed and from their own knowledge as to the value of such services, what they were worth." yet in the case of Cobb v. Railway Co., 149 Mo. 609, 1. c. 630, 50 S. W. 394, the supreme court ruled that the Murray case was not well considered and that it should not be followed, and in the course of their opinion state that they were "unable to see why evidence is any more necessary as to the value of physician's services than as to those of a nurse, nor how a jury could any better, without evidence, determine the value of the latter than that of the former."

It is further assigned as error that the verdict is excessive. This point is well taken even if we were to accept the contention of learned counsel for respondent (which we cannot do) that the proper measure of damages for the nursing was the value of the loss of plaintiff's time as a laundress for the period of ten weeks, which she nursed the boy, and three nights a week after that time up to the date of the trial, for even then the aggregate would total but $363 whereas the verdict was for $500.

For the errors above noted the judgment is hereby reversed and the cause remanded. *Reynolds, P. J.,* and *Allen, J.,* concur.