TONY GIRRATONO, Respondent, v. KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, Appellant, No. 42966—251 S. W. (2d) 59.

Division Two, September 8, 1952.

360

*Charles L. Carr* and *Frank J. Rogers* for appellant.

*Thomas E. Hudson, David T. Cavanaugh* and *Hudson, Whitcraft & Cavanaugh* for respondent.

362

BOHLING, C.—Tony Girratono recovered a judgment of $7,500 for personal injuries against the Kansas City Public Service Company, a corporation. The Kansas City Court of Appeals, upon defendant's appeal, reversed the judgment and remanded the cause

for retrial, but being of opinion a conflict existed with respect to the propriety of remanding the cause for retrial with stated [61] holdings of the St. Louis Court of Appeals ordered the cause transferred here for determination (Mo. Const., Art. V, Sec. 10). Girratono v. Kansas City Public Service Co., Mo. App., 243 S. W. 2d 539, 547 [20]. Defendant claims that plaintiff failed to make a case; that reversible error was committed in the giving of instructions, in overruling defendant's objections to prejudicial statements of plaintiff's counsel and in admitting certain evidence, and that the verdict is excessive.

The accident happened on January 1, 1948, between 3 and 4 p. m. Plaintiff was a passenger on defendant's Independence avenue (an east-west street) eastbound trolley bus and intended to transfer at Prospect avenue (a north-south street) in Kansas City, Missouri. The weather was cold. Snow and sleet had fallen the night before. The streets were slick. Snow had been scraped off the street and there was a snowbank along the curbing on Independence avenue. The snow had been piled about 3 feet or waist high and extended out into the street about 2 or 3 feet. Defendant's bus, upon signal, stopped at the usual place at the southwest corner of Independence and Prospect avenues for receiving and discharging passengers. Plaintiff and two other passengers alighted from the rear door of the bus. Plaintiff was back of the others, and all alighted safely from the bus. There was no path through the snow to the sidewalk at that point, but there was a path near the front of the bus at the street intersection in line with the sidewalk on Prospect avenue. There was a space of about 18 inches between the side of the bus and the snowbank for people to walk to the corner, a distance of about 25 feet. The two other passengers started walking toward the corner in the space along the side of the bus and had taken a few steps when the one nearest plaintiff noticed the bus move forward, speed up, and the rear end start skidding (he was of the impression the wheels were spinning) toward him. He shouted: "Look out," and jumped across the snowbank.

Plaintiff, who was a large man and standing within 6 to 8 inches of the side of the bus, testified that the accident happened so quickly he did not recall how long he had been off the bus, or whether he had started walking east; that the bus started forward, the wheels were spinning, and the right rear end of the bus skidded to the south, the portion back of the wheels striking him on his left side before he could extricate himself, knocking him down and injuring him. The bus continued forward after striking plaintiff, skidding further toward the curb, the right rear side striking a pole near the corner, and was brought to a stop after it crossed the street. The motorman returned to the scene.

Defendant contends its motion for a directed verdict and also its after trial motion to set aside the verdict and for judgment in accord with its motion for a directed verdict should have been sustained; that the submission of negligence in plaintiff's verdict directing instruction based on the fact that defendant's bus skidded is insufficient to sustain the verdict for plaintiff; and that having abandoned other pleaded grounds of negligence, plaintiff cannot be heard on grounds of negligence not embraced in said instruction, and the judgment should be reversed outright. Defendant also contends that said instruction assumes certain facts.

We think the question of error in the giving of plaintiff's said instruction (No. I) may largely determine several of the other issues presented. We quote the instruction.

"The court instructs the jury that if you find and believe from the evidence that at the time and place referred to in evidence plaintiff was a fare-paying passenger on defendant's trolley bus on Independence avenue, and that when said bus reached the intersection of Independence and Prospect avenue the said bus stopped for the purpose of taking on and discharging passengers and that plaintiff exercising ordinary care for his own safety, if so, alighted from said bus at the rear door thereof near to and along side a large bank of snow, if you so find, and immediately thereafter, if so, before plaintiff reached a position of safety, if you so find, and when the operator of said bus saw or by the exercise of ordinary care should have seen [62] that plaintiff had not yet reached a position of safety, if so, the operator carelessly and negligently started the bus forward in such manner as to cause it to skid upon the pavement, if you so find, and to strike and knock down the plaintiff, if so, and as a direct result of the negligence of the operator, as aforesaid, if you so find, the plaintiff was caused to be injured, if so, then your verdict shall be in favor of plaintiff and against the defendant."

The negligence submitted to the jury by the instruction was whether "the operator negligently started the bus forward in such manner as to cause it to skid upon the pavement and to strike and injure the plaintiff." This submission under the authorities may not be sustained for two or more reasons; that is, because it is a submission of general negligence whereas plaintiff's petition contained charges of specific negligence, and because the mere skidding of a motor bus does not give rise to an inference of negligence.

Plaintiff charged in his petition (for convenience we number the allegations of negligence) "that defendant was careless and negligent in the following particulars, to-wit: [1] In failing to provide and allow plaintiff sufficient room and space along side and next to defendant's bus within which to safely alight therefrom; [2] in failing to provide plaintiff with a reasonably safe place within which to alight and depart from said bus; [3] in failing to allow plaintiff sufficient

time to alight from said bus and reach a position of safety before starting said bus; [4] in starting the bus forward immediately after plaintiff had alighted therefrom in such manner as to cause the bus to skid upon the pavement, over, upon and against the plaintiff; [5] in operating the said bus in such manner as to endanger the safety of plaintiff and others upon the roadway; [6] in failing to maintain a proper lookout ahead and laterally and to avoid injury to the plaintiff which by the exercise of the highest degree of care it should have done; as a result of which plaintiff was caused to be injured.''

The petition contains allegations of general and of specific negligence. In some of plaintiff's charges of negligence (charges [1], [2], [3], and [6]) the particular act or omission constituting the negligence, as distinguished from the result of the particular act or omission, is alleged; that is, it is specifically alleged wherein defendant had been negligent; but, in others (charges [4] and [5]), the charge merely states the result without specifying the negligent cause. See cases infra.

Harke v. Haase, 335 Mo. 1104, 1108, 75 S. W. 2d 1001, 1003, was a res ipsa loquitur case. We said: ''It will be noted the plaintiff's only allegation of negligence is that defendant negligently *'operated an automobile in such a manner as to run onto the sidewalk.'* This certainly does not charge specific negligence. It does not charge how defendant was negligent, as, for example, that he either carelessly or purposely drove too fast, or failed to keep a lookout, or drove on the wrong side of the street, or drove across the intersection when he did not have the right of way. It is indeed difficult to see how a more general charge of negligence could be stated. *'In such a manner'* means no more than *'in some careless manner.'* '' And (l.c. 1004[8]): ''In other words, in a res ipsa case the ultimate fact, *some kind of negligence,* is inferred without any evidential facts except the unusual occurrence itself; while in a specific negligence case there must be evidential facts sufficient to show some negligent acts or omissions which were the proximate cause of the occurrence.''

In Price v. Metropolitan St. R. Co., 220 Mo. 435, 443, 454 (II, a), 119 S. W. 932, 937(2,a), 942, 132 Am. St. R. 588, court en banc considered a charge in a passenger-carrier case that defendant ''carelessly, negligently caused and permitted'' its train to come in violent collision with another train to be a charge of general negligence; stating (220 Mo. l.c. 441, 455, 119 S. W. l.c. 937, 942) that certain language contra, used arguendo, in Davidson v. St. Louis Transit Co., 211 Mo. 320, 361, 362, 109 S. W. 583, 595, was not meant to hold a similar allegation charged specific negligence. [63] In Bergfeld v. Kansas City Rys. Co., 285 Mo. 654, 227 S. W. 106, 108[3], several earlier controlling cases were reviewed and quoted, and a charge that a collision between a train and a streetcar and plaintiff's injuries ''were caused by the carelessness and negligence of the'' defendant's

employees "operating said streetcar" was held general. The court stated, l. c. 109[4]: "In order to allege specific negligence, as said in the Price case, there must not only be an averment as to the particular servants whose negligence is complained of, but it must also be pointed out wherein they, or either of them, have been negligent." Bommer v. Stedelin, Mo. App., 237 S. W. 2d 225, 228, also reviews cases holding quoted charges of negligence to be general. See Benner v. Terminal R. Ass'n, 348 Mo. 928, 156 S. W. 2d 657, 659[1-4].

■ Furthermore, the cases hold that the mere skidding of an automobile or motor bus, the negligence submitted in plaintiff's instruction, is not negligence and does not give rise to an inference of negligence.

"With reference to the skidding, it is well-settled doctrine that the mere skidding of a motorcar is, in and of itself, not negligence; that it is as consistent with the care as with negligence of the driver, and it may and as a matter of experience does occur without fault." Annin v. Jackson, 340 Mo. 331, 100 S. W. 2d 872, 876 [3] citing authority.

Heidt v. People's Motorbus Co., 19 Mo. App. 683, 284 S. W. 840, 841, was a passenger and carrier case and plaintiff sought to invoke the res ipsa loquitur doctrine in the pleading and the submission, but, similar to the instant record, showed specifically that the skidding of the motorbus caused the casualty without showing such specific act was negligent. In sustaining defendant's motion for a new trial, the court said: "Now, the mere skidding of an automobile is not necessarily negligent, nor will negligence be presumed from the mere skidding without some fact or circumstance connected therewith from which negligence may be inferred. The skidding of an automobile or motorbus, while being driven along a wet street at a rate of eight or ten miles an hour, may happen with the most careful driver, and therefore cannot be presumed to be negligent."

Like observations are found in Polokoff v. Sanell, Mo. App., 52 S. W. 2d 443, 445, 446; Tabler v. Perry, 337 Mo. 154, 85 S. W. 2d 471, 478; Neely v. Freeze, 240 Mo. App. 1001, 225 S. W. 2d 144, 154[5].

■ A plaintiff who pleads specific negligence may not recover on a general negligence submission, as he asserts his knowledge of the negligent acts causing and contributing to his injury and may not have the jury speculate on whether it was caused in some other way. Roscoe v. Metropolitan St. R. Co., 202 Mo. 576, 101 S. W. 32, 34(1); Zasemowich v. American Mfg. Co., Mo., 213 S. W. 799, 802[3]; Sanders v. City of Carthage, 330 Mo. 844, 51 S. W. 2d 529, 531, overruling same case (Mo. App.), 9 S. W. 2d 813, 817[9]; Venditti v. St. Louis Pub. Serv. Co., 360 Mo. 42, 226 S. W. 2d 599, 602[4]; Pogue v. Crunden-Martin Mfg. Co., Mo. App., 273 S. W. 782, 783[1]; 65 C. J. S. 1032, § 220(11), n. 62; 38 Am. Jur. 1002, § 305, n. 14. Also, it is error

to permit the jury to draw an inference of negligence under a submission of general negligence where there is a submission of specific negligence. Berry v. Kansas City Pub. Serv. Co., 343 Mo. 474, 121 S. W. 2d 825, 829[1]; State ex rel. Burger v. Trimble, 331 Mo. 748, 55 S. W. 2d 422, 424[3], sustaining Burgher v. Niedorp, Mo. App., 50 S. W. 2d 174, 176[2].

The mere fact that the bus was started forward by the operator or that it skidded was not negligence as a matter of law. The evidence established that the casualty was caused by the bus skidding and striking plaintiff. The bus would not have struck plaintiff had it not skidded. There was no evidence that the bus ran into plaintiff in the sense that it was simply driven against him, as, in effect, were the situations in plaintiff's cases of Jones v. Central States Oil Co., 350 Mo. 91, 164 S. W. 2d 914, 918[1-5], and Thompson v. Keyes-Marshall Bros. Livery Co., 214 Mo. 487, 113 S. W. 1128, 1130, where the defendants' acts constituted prima facie negligence. See the reasoning in Boulos v. Kansas City Pub. Serv. Co., 359 Mo. 763, 223 S. W. 2d 446, [64] 449[2-4]. The facts and issues also distinguish plaintiff's case of Pidgeon v. United Rys. Co., 154 Mo. App. 20, 29, 133 S. W. 130, 132, where plaintiff, a passenger, charged defendant negligently checked the speed of a streetcar so violently as to precipitate her to the ground, which case appears to have reached a correct result but the reasoning is not in harmony with later opinions; for instance, Belding v. St. Louis Pub. Serv. Co. (Banc), 358 Mo. 491, 215 S. W. 2d 506, 509[1-8]; Boulos v. Kansas City Pub. Serv. Co., supra, and others.

Plaintiff admits the evidence did not establish the reason for the bus skidding. Had plaintiff hypothesized the facts essential to a finding of negligence on one or more of the pleaded grounds of negligence and then required the jury to find that by reason of such findings defendant was negligent, we would have a different issue before us. See the instruction in Hilton v. Thompson, 360 Mo. 177, 227 S. W. 2d 675, 678, cited by plaintiff. Plaintiff did not so submit his case. The predicating of negligence on a fact situation, as distinguished from a negligent act, when the fact submitted (such as the skidding of a motor vehicle) is as consistent with care as with negligence and does not give rise to an inference of negligence is not proper, especially so when no acts establishing negligence in connection with the submitted fact are adduced in evidence or submitted in the instruction. Under the authorities supra, plaintiff was not entitled to have the jury speculate that the operator negligently caused the skidding. The Annin, Heidt and Polokoff cases, supra, so hold.

We think as did the Court of Appeals (243 S. W. 2d 539, 544[12] and cases cited) that viewing the circumstances in evidence and the reasonable inferences deductible therefrom in the light most favorable to plaintiff a submissible case was made. There was evidence from which a jury could find that in the attending circumstances

the bus stopped for plaintiff to alight at the side of a snowbank; that there were only a few inches of space between the bus and the snowbank for plaintiff to stand, and a narrow path to the street intersection or front of the bus to reach a pathway to the sidewalk; that the place was not safe; that the bus operator knew or should have known thereof; and that the operator started the bus forward and it skidded upon the pavement and injured plaintiff.

We are of opinion that the instruction involves misdirection to the jury and not the abandonment by plaintiff of all grounds of negligence save one. The instruction contains statements referable to allegations of negligence in plaintiff's petition (quoted supra) numbered "[2]," "[3]", "[4]" and "[6]." As stated hereinabove, had plaintiff hypothesized facts essential to such issues and required the jury to find that defendant's acts or omissions in said respects constituted negligence, a different situation would have been presented. Plaintiff had the burden of proving defendant's negligence, a question to be determined by the jury. The law does not ordinarily draw a conclusion of negligence. Harke v. Haase, 335 Mo. 1104, 75 S. W. 2d 1001, 1003[7]; Duncan v. St. Louis Pub. Serv. Co., 355 Mo. 733, 197 S. W. 2d 964, 966; Payne v. Carson, Mo., 224 S. W. 2d 60, 62[3]. If a plaintiff who has made a case authorizes a finding of negligence on insufficiently hypothesized facts to support such conclusion, the error is in the misdirection of the jury. We do not reach the issue of a conflict in opinions of the Courts of Appeals involving plaintiff's failure to make a submissible case on the issues submitted and the abandonment of issues not submitted. We hold the case should be remanded for a proper submission upon a retrial.

It follows that error was not committed in overruling defendant's motion for a directed verdict or defendant's motion for judgment in accord with its motion for a directed verdict.

Defendant also claims the instruction assumed that plaintiff, after alighting, was in a place of danger. The Court of Appeals so ruled (243 S. W. 2d 539, 545[16]). The instruction, after hypothesizing the relation of carrier and passenger, the stopping of the bus, plaintiff alighting therefrom "near and along side a large bank of snow," continued "and immediately thereafter, if so, *before the plaintiff reached* a position of [65] safety, if you so find, and when the operator * * * should have seen that plaintiff *had not yet reached* a position of safety, if so." Whether plaintiff was in a "position not safe" when he alighted from the bus is a question for the jury. The instruction did not require this finding but proceeded on the assumption plaintiff was not in a position of safety. The submission differs from the case relied on by plaintiff (Pogue v. Rosegrant, Mo., 98 S. W. 2d 528, 530[4]), where the submission was equivalent to requiring a finding that plaintiff alighted from the bus "near to and alongside a large bank of snow and in a place not safe."

Defendant claims plaintiff's measure of damages instruction (No. II) permitted the jury to award damages for medical attention without substantial evidence that the treatment was necessary, or the amount of the charge and its reasonableness. The instruction authorized the jury in assessing plaintiff's damages to take into consideration "* * * and any necessary expenses incurred by plaintiff to the reasonable value thereof for medical attention as a result of his said injuries which you find from the evidence he has incurred."

Dr. Frank E. Day treated plaintiff several times between January 2 and 16, 1948, for his injuries. Plaintiff testified he paid Dr. Day $35 or $38, and that he paid the hospital "around $37." Plaintiff had been under the care of Dr. D. M. Nigro for about two years at the time of trial, October, 1950. Dr. Nigro testified that for the first six or eight months plaintiff came in pretty regularly, first twice a week, then once a week, then twice a month, and at the time of trial he was seeing plaintiff every month or two. However, there is no evidence in the record of Dr. Nigro's charge nor the reasonable value of his services. Another doctor examined plaintiff before the trial, but there is no evidence of his charge.

The Court of Appeals held the instruction erroneous, (243 S. W. 2d 539, 546[17]), applying Murphy v. S. S. Kresge Co., Mo. App., 205 S. W. 2d 252, 256. The instruction specifically authorized the jury to award "the reasonable value" of the medical attention received by plaintiff, and an instruction limiting plaintiff's recovery therefor to nominal damages would have conflicted therewith. Doctor bills are items of special damage to be supported by substantial evidence as to the propriety of the services rendered, the amount charged or paid, and its reasonableness. The judgment was for $7,500 and we cannot say the jury entirely disregarded this direction in the instruction, or that it had no influence on the amount of the verdict, or that only a nominal amount was awarded for medical attention. The assumption is that jurors follow the instructions. In Nelson v. Metropolitan St. Ry. Co., 113 Mo. App. 659, 661, 88 S. W. 781, 782, and Miller v. Kansas City Western R. Co., 180 Mo. App. 371, 378, 168 S. W. 336, 339[9-11], there was proof of some, but not all, of the charges for medical attention, and instructions not supported by substantial evidence were considered error. Hamilton v. Patton Creamery Co., 359 Mo. 526, 222 S. W. 2d 713, 717[8], stressed by plaintiff, did not uphold the submission, but considered, under the record, the error could be cured by a remittitur (222 S. W. 2d l.c. 719[12]), and such was the situation in the Miller case, supra. We have no idea how much the jury may have included for the items not established by the evidence under the state of the instant record and any remittitur would rest on speculation and conjecture. See also the following, among other, cases: Cordray v. City of Brookfield, 334 Mo. 249, 65 S. W. 2d 938, 942[8]; Graefe v. St. Louis Transit Co., 224 Mo. 232, 274, 123 S. W. 835,

848; Vogelgesang v. Waelder, Mo. App., 238 S. W. 2d 849, 856[11, 20];
Esque v. United Rys. Co., 174 Mo. App. 317, 322, 157 S. W. 1061,
1063 (overruled on an issue immaterial here in Thompson v. United
Rys. Co., 203 Mo. App. 356, 361, 218 S. W. 343, 344).

On the cross-examination of plaintiff's witness T. J. Wurdack,
defendant sought to impeach the witness by his written statement
given prior to the trial, excluding therefrom a conclusion reading:
"I believe if the operator had given us time to have gotten out of the
way or over this snowbank the accident would not have occurred."
The trial court was correct in ruling the quoted portion inadmissible,
and [66] the conduct of plaintiff's counsel in insisting in the pres-
ence of the jury upon the whole of the statement being read was not
proper. See Walsh v. Terminal R. Ass'n, 353 Mo. 458, 182 S. W. 2d
607, 611[6, 7].

We think defendant has failed to establish error under the instant
record on the other issues presented in so far as they need be discus-
sed for a disposition of this appeal. The issues are stated in the
opinion of the Court of Appeals, 243 S. W. 2d 539.

The judgment is reversed and the cause remanded for the errors
herein noted. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted
as the opinion of the court. All the judges concur.