William RAMSEY, Respondent,

v.

Samuel WILLIAMS, Appellant.

No. 43106.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 27, 1981.

Donald V. Fraser, Jr., St. Louis, for appellant.

Val Terschluse, St. Louis, for respondent.

CLEMENS, Senior Judge.

This court-tried case arose from a two-car, side-by-side collision. Plaintiff William Ramsey got judgment for $1,213; defendant Samuel Williams has appealed. Plaintiff has not filed a brief.

▮ Defendant primarily contends plaintiff was contributorily negligent as a matter of law. This, because plaintiff admittedly tried to pass defendant's car on its right side. We disagree and affirm.

The parties conceded: The cars collided while both were headed south on median-divided Riverview Boulevard; the right, southbound side has three lanes, two for driving and the curb lane for parking.

We review plaintiff's testimony. He said he was driving in the right-side driving lane at the 25 mile an hour speed limit. Ahead, he saw defendant's car in the left-side driving lane moving at the slower speed of 10–15 miles an hour. Plaintiff continued on in the inner lane, to defendant's right. As plaintiff came beside defendant's car defendant turned sharply to his right without signalling. Defendant's right front hit plaintiff's left front.

We examine defendant's pleaded and briefed contention that plaintiff's recovery is barred by his contributory negligence. Defendant cites RSMo. Section 304.016, Passing Regulations; he relies on Paragraph 1., Subsection (2) requiring an overtaking driver (plaintiff) to pass to the left side of the vehicle being overtaken (defendant). As said, plaintiff did pass on defendant's right side.

Defendant overlooks the fact that the cited Paragraph 1. is general and concerns travel on undivided two-way roadways. In contrast, the parties here were driving on the south-bound side of a divided roadway. That side was a one-way street. Paragraph 2. Subsection (3) of the cited statute is specific and provides that on a one-way roadway a driver may pass another car on its right side. This is just what plaintiff did; doing so was statutorily permissible and not negligent.

In *State v. Bern*, 322 S.W.2d 175 (Mo. App.1959) defendant was charged with illegally passing on a four-lane divided highway. The court ruled that the statutory requirement that cars be driven on the right side of the road does not apply to a divided multi-lane highway. And, in *Witherspoon v. Guttierez*, 327 S.W.2d 874[1, 2] (Mo.) the court ruled that on a "divided highway with separate double lanes" cars "ordinarily have a right to use either half of the double lane".

It follows that plaintiff was not, as defendant contends, contributorily negligent in driving in the right lane to pass. We move to defendant's other contention.

▮ Defendant contends there was no substantial evidence of plaintiff's medical expense and that the court erred in allowing him $101 for his hospital bill. This, because plaintiff testified the bill was paid "by me or my insurance company".

Defendant now complains this was not substantial evidence of plaintiff's medical expense. We disagree. Where the necessity of plaintiff's expenses is unchallenged, as here, plaintiff is entitled to the amount paid. It is immaterial whether plaintiff paid it directly or indirectly by his medical insurance. It sufficed that plaintiff showed the amount "charged or paid". *Girratono v. Kansas City Public Service Co.*, 363 Mo. 359, 251 S.W.2d 59[9, 10] (Mo.1952); and see a host of cases in Mo. Digest, Damages, Key 64.

Judgment affirmed.

REINHARD, P. J., and CRIST and SNYDER, JJ., concur.